UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REBECCA DAVIS                                CIVIL ACTION

VERSUS                                       NUMBER: 10-4412

MICHAEL J. ASTRUE,                           SECTION: "R"(5)
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(B), this matter comes before the Court on the pro se plaintiff's letter brief and defendant's cross-motion for summary judgment following a decision of the Commissioner of the Social Security Administration denying plaintiff's application for Disability Insurance Benefits ("DIB"). (Rec. docs. 12, 14).

Rebecca Davis, plaintiff herein, filed the subject application for DIB on May 23, 2008, alleging disability as of February 28, 2000. (Tr. pp. 81-85).[1]/ In a Disability Report that appears in the

---

[1]/ Along with her application for DIB, plaintiff had also filed an application for Supplemental Security Income ("SSI") benefits which was denied based on her access to other resources in

record, the conditions resulting in plaintiff's inability to work were identified as gout, diabetes, high blood pressure, and congestive heart failure. (Tr. pp. 98-105).[2]/ Plaintiff's application for DIB was denied at the first step of the Commissioner's administrative review process on June 25, 2008. (Tr. pp. 45-48). Pursuant to her request, a hearing de novo before an Administrative Law Judge ("ALJ") went forward on April 2, 2009 at which plaintiff, who was represented by counsel, appeared and testified. (Tr. pp. 59-60, 17-28). On September 29, 2009, the ALJ issued a written decision in which he concluded that plaintiff was not disabled within the meaning of the Social Security Act. (Tr. pp. 6-15). The Appeals Council ("AC") subsequently denied plaintiff's request for review of the ALJ's decision, thus making

---

the form of her husband's earnings. (Tr. pp. 86-89, 37-44). That denial was not administratively challenged by plaintiff and the time for her to do so has expired. Thus, the only benefits application at issue in this lawsuit is plaintiff's application for DIB.

[2]/ Notwithstanding the alleged onset date of February 28, 2000, the Disability Reports in the record indicate that plaintiff actually stopped working on that date due to her receipt of Social Security Widows' Benefits. (Tr. pp. 93, 99). Those benefits were terminated after plaintiff re-married, she subsequently re-entered the workforce, and she ultimately stopped working on May 5, 2008 on the advice of her doctor. (Tr. p. 99). The record also reflects that the subject application for DIB was at least plaintiff's fourth one with the prior applications being initially denied on April 10, 1997, March 22, 2000, and April 13, 2004 and not appealed further. (Tr. pp. 94-95).

the ALJ's decision the final decision of the Commissioner. (Tr. pp. 1-3). It is from that unfavorable decision that the plaintiff seeks judicial review pursuant to 42 U.S.C. §405(g).

In the letter brief that she filed herein which the Court construes as her cross-motion for summary judgment, plaintiff broadly challenges the Commissioner's decision that she is not disabled, arguing that she has a very serious illness that prevents her from working, that the blood vessels in her body are becoming more constricted, and that she suffers from congestive heart failure which led to the implantation of a pacemaker. (Tr. p. 12). Relevant to the resolution of plaintiff's allegations are the following findings that were made by the ALJ:

> 1. [t]he claimant last met the insured status requirements of the Social Security Act on December 31, 2004.
>
> 2. [t]he claimant did not engage in substantial gainful activity during the period from her alleged onset date of February 28, 2000 through her date last insured of December 31, 2004 (20 CFR 404.1571 *et seq.*).
>
> 3. [t]hrough the date last insured, the claimant had the following medically determinable impairments: diabetes mellitus; hypertension; arthritis (20 CFR 404.1521 *et seq*).
>
> 4. [t]hrough the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq*).
>
> 5. [t]he claimant was not under a disability, as defined in the Social Security Act, at any time from February 28, 2000,

the alleged onset date, through December 31, 2004, the date last insured (20 CFR 404.1520(c)).

(Tr. pp. 12, 14).

Judicial review of the Commissioner's decision to deny DIB is limited under 42 U.S.C. §405(g) to two inquiries: (1) whether substantial evidence of record supports the Commissioner's decision, and (2) whether the decision comports with relevant legal standards. Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992); Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990); Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987). If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. 42 U.S.C. §405(g); Richardson v. Perales, 402 U.S. 389, 91 St.Ct. 1420 (1971). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Jones v. Heckler, 702 F.2d 616, 620 (5th Cir. 1983). The Court may not reweigh the evidence or try the issues de novo, nor may it substitute its judgment for that if the Commissioner. Cook v. Heckler, 750 F.2d 391, 392 (5th Cir. 1985). Conflicts in the evidence are for the Commissioner to

resolve, not the courts.  Patton v. Schweiker, 697 F.2d 590, 592 (5th Cir. 1983).

A claimant seeking DIB bears the burden of proving that she is disabled within the meaning of the Social Security Act.  Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988).  Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §423(d)(1)().  Once the claimant carries her initial burden, the Commissioner then bears the burden of establishing that the claimant is capable of performing substantial gainful activity and is, therefore, not disabled.  Harrell, 862 F.2d at 475.  In making this determination, the Commissioner utilizes the five-step sequential analysis set forth in 20 C.F.R. §404.1520, as follows:

> 1.  an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings.
>
> 2.  an individual who does not have a "severe impairment" will not be found to be disabled.
>
> 3.  an individual who meets or equals a listed impairment in Appendix 1 of the Regulations will be considered disabled without consideration of vocational factors.
>
> 4.  if an individual is capable of performing the work that she has done in the past, a finding of "not disabled" must be made.

5

> 5. if an individual's impairment precludes her from performing her past work, other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed.

On the first four steps of the analysis, the claimant bears the burden of proving that she is disabled. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 2294 n. 5 (1987). A finding that the claimant is disabled or is not disabled at any point in the sequential review process is conclusive and terminates the Commissioner's analysis. Wren v. Sullivan, 925 F.2d 123, 125-26 (5th Cir. 1991).

As noted above, a hearing before an ALJ was held in connection with the subject application for DIB on April 2, 2009. After the documentary exhibits were admitted into evidence, the ALJ pointed out that plaintiff's most recent application for DIB that preceded the one at issue had been administratively denied on July 26, 2004 and that her insured status and consequent entitlement to Social Security benefits had expired on December 31, 2004. Thus, the relevant time period within which plaintiff would have to establish disability to obtain DIB was July 27, 2004 to December 31, 2004. In a subsequent exchange between the two, plaintiff's attorney argued that plaintiff was disabled as of the date of the hearing but the ALJ questioned the sufficiency of the medical evidence in that regard that was generated during the narrow relevant time period of

approximately five months. (Tr. pp. 19-24).

Plaintiff then took the stand and was questioned by her attorney who observed that she had initially stopped working in February of 2000 but had returned to the workforce in June of 2006. During the relevant time period that had been identified by the ALJ, plaintiff testified that she suffered from hypertension, diabetes, and knee problems, with her elevated blood pressure causing occasional fatigue and dizziness. Upon being questioned by the ALJ, plaintiff testified that between July and December of 2004 she had gone to the River Parishes Hospital Emergency Room on one occasion when her blood sugar had spiked. However, she was somewhat uncertain as to whether that had occurred in 2004 as opposed to 2008. When questioned further by her counsel, plaintiff stated that her hypertension-related dizziness episodes were experienced at a rate of two to three times per week but not every week. After being tendered back to the ALJ, plaintiff indicated that she had been treated by Dr. Albrecht on a regular basis between 2004 and 2006 for her hypertension and diabetes. Following the conclusion of that testimony, the ALJ gave counsel two additional weeks to obtain any additional medical records that were generated during the relevant time period. (Tr. pp. 24-28).

Preliminarily, the Court will address several issues that shape the scope of review in this matter. In the application for DIB at

7

issue, plaintiff alleged a disability onset date of February 28, 2000. That allegation notwithstanding, plaintiff later advised Administration personnel that she had actually stopped working on that date due to her receipt of Social Security Widows' Benefits, ultimately returning to work in 2006 after she remarried and the Widows' Benefits were terminated. (Tr. pp. 93, 99, 108). Plaintiff subsequently stopped working on May 5, 2008 on her doctor's advice. (Tr. pp. 99, 108). Plaintiff's earning from 2006 to 2008, however, were insufficient to qualify as "substantial gainful activity" within the meaning of the Commissioner's Regulations. (Tr. p. 114). Therefore, the "potential" onset date that was initially identified by the Administration was February 28, 2000, the date that was set forth in the application for DIB. (Tr. pp. 93, 114).

As noted earlier, the instant application for DIB is a serial one, with the prior applications all being adjudicated adversely to plaintiff. (Tr. pp. 94-95). In a "Disability Report-Field Office" form that appears in the record, the date of the most recent of those prior adverse adjudications was identified as April 13, 2004. (Tr. p. 94). However, at the administrative hearing the ALJ stated, without objection from plaintiff's counsel, that the date of that most recent adverse adjudication was July 26, 2004, a date he would later repeat in his written decision. (Tr. pp. 20-21, 9-10). As will be discussed infra, regardless of which of those two dates is

used, the result will be the same here.  What is clear is that the doctrine of res judicata precludes the Court from considering plaintiff's entitlement to DIB prior to the date of the most recent adverse adjudication.  Califano v. Sanders, 430 U.S. 99, 107-09, 97 S.Ct. 980, 985-86 (1977); Muse v. Sullivan, 925 F.2d 785, 787 n.1 (5th Cir. 1991).  What is also clear is that plaintiff's insured status and consequent entitlement to DIB expired on December 31, 2004. (Tr. pp. 94, 9).  For a claimant to demonstrate that she is entitled to DIB, she must prove not only that she is disabled but that she became disabled prior to the expiration of her insured status.  Anthony, 954 F.2d at 295.  "Any impairment which had its onset or became disabling after the special earnings test was last met cannot serve as the basis for a finding of disability."  Owens v. Heckler, 770 F.2d 1276, 1280 (5th Cir. 1985).

With the above precepts in mind, and in light of the denial of plaintiff's application at the second step of the §404.1520 analysis, the issue herein is whether the medical evidence of record establishes the existence of a severe impairment between April 13, 2004 or July 26, 2004 and December 31, 2004, the date plaintiff's insured status expired.  A "severe impairment" is defined as any impairment or combination thereof that significantly limits one's physical or mental ability to do basic work activities.  20 C.F.R. §404.1520(c); Shipley v. Sec. of Health and Human Services, 812 F.2d

934, 935 (5th Cir. 1987). Unfortunately for plaintiff, a review of the record simply does not bear this out.

On January 23, 2004, plaintiff was seen by Dr. R. Albrecht for a check-up and medication refills. She was suffering from a cold with a cough and congestion at the time and her blood pressure was recorded as 120/60. (Tr. p. 171). Plaintiff presented herself to the River Parishes Hospital Emergency Room on March 14, 2004 with complaints of bodily aches since that morning to the back, stomach, and sides. She was treated with Toradol, Demerol, and Phenergan and was discharged home within several hours with a diagnosis of trichomoniasis and with prescriptions for Propoxyphene and Metronidazole. (Tr. pp. 382-387). Plaintiff returned to Dr. Albrecht on March 26, 2004 for a check-up, medication refills, and bloodwork. Poor circulation was noted and plaintiff's blood pressure was 130/80 but the remainder of the doctor's note is of poor readable quality. (Tr. p. 171). Plaintiff was seen again by Dr. Albrecht on July 30, 2004 for another check-up and medication refills; arthritis in both knees was noted. (Tr. p. 170).

On October 22, 2004, plaintiff saw Dr. Albrecht for another check-up, medication refills, and to obtain bloodwork results. At that time, she was experiencing stomach cramps and bowel movements after eating; medications were dispensed. (Tr. p. 170). That gastrointestinal upsetment persisted and prompted plaintiff to visit

the River Parishes Hospital Emergency Room again on October 25, 2004 where she was diagnosed with chronic diarrhea, was prescribed Lomotil, and was discharged home a little over an hour later. (Tr. pp. 378-381). Subsequent testing was negative for parasites, salmonella, and other similar illnesses. (Tr. pp. 375-377). Approximately two months after her insured status had expired, plaintiff returned to Dr. Albrecht for a further check-up, medication refills, and for complaints of right foot pain for the previous week that was not precipitated by trauma. (Tr. p. 169). The remaining treatment records that were admitted in the administrative proceedings below all post-date the expiration of plaintiff's insured status by increasingly lengthy time periods and, at best, demonstrate the existence of new impairments or the degeneration of conditions that were previously and properly found to be non-disabling. Torres v. Shalala, 48 F.3d 887, 894 n.12 (5th Cir. 1995).

The medical evidence that was generated during the relevant time period reflects only conservative, routine care for various conditions that were of a short-lived nature except for plaintiff's diabetes which is a remediable condition and is therefore not disabling under the Social Security Act. Jones v. Bowen, 829 F.2d 524, 526-27 (5th Cir. 1987). As the ALJ found, that objective evidence does not point to an impairment or combination of

11

impairments that significantly limited plaintiff's ability to do basic work activities for the required duration during the relevant time period. See 20 C.F.R. §404.1509 (twelve-month duration requirement). The Court recalls that plaintiff initially stopped working for reasons that were unrelated to her ability to work and she was able to work from 2006 to 2008 on a limited basis. According to her hearing testimony, she only suffered from occasional fatigue and dizziness during the relevant time period. While the Court is not unsympathetic to plaintiff's physical condition as it currently exists, its role is extremely circumscribed here and is limited to determining whether the Commissioner's decision is supported by substantial evidence, a highly deferential standard of review. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980). Having done so, the objective medical evidence simply does not establish the existence of a severe impairment during the relevant time period. Accordingly, the Commissioner's decision is supported by substantial evidence and should be affirmed.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended plaintiff's motion for summary judgment be denied, that defendant's motion for summary judgment be granted, and that plaintiff's suit be dismissed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate

judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  30th  day of    January        , 2012.

_____<br>
ALMA L. CHASEZ<br>
UNITED STATES MAGISTRATE JUDGE